**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ADAM REED,**<br>**Plaintiff,**<br>**v.**<br>**CHIME FINANCIAL, INC., *et al.*,**<br>**Defendants.** | **Case No. 26–cv–14284–ESK–EAH**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Adam Reed to proceed *in forma pauperis* (IFP) (ECF No. 1–1); and plaintiff having brought this action against numerous defendants; and the Court finding,

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (Compl.) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. Here, plaintiff fails to establish that this Court has subject matter jurisdiction to adjudicate the claims brought in the Complaint. To adjudicate a matter, "[a] federal court must always satisfy itself that it has jurisdiction." *Riley v. Bondi*, 606 U.S. 259, 273 (2025).

5. A federal court "must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgt. Group, LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *see SWN Prod. Co., LLC v. Blue Beck Ltd.*, 192 F.4th 577, 580 (3d Cir. 2026) (noting that a final determination of subject matter jurisdiction precludes further adjudication). As federal courts are courts of limited jurisdiction, generally, "federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction … or diversity jurisdiction." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996).

6. While plaintiff does not specifically state that the Complaint is brought under federal question jurisdiction, diversity jurisdiction does not apply. Plaintiff is currently incarcerated in New Jersey, Compl. ¶ 1, and plaintiff alleges that at least five of the individual defendants in this case are citizens of New Jersey, Compl. ¶¶ 7–11. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419. (3d Cir. 2010) (noting that "[c]omplete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant").

7. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Poyner v. CaringHouse Projects, Inc.*, 2025 WL 2679952, at *2 (D.N.J. Aug. 29, 2025); *see also Verdone v. Rice and Rice, PC*, 724 F. Supp. 3d 366 (D.N.J. 2024) ("To invoke federal question jurisdiction, the … party must show a federal claim exists on the face of the plaintiff's complaint.").

8. Counts one and two of the Complaint allege wire fraud and bank fraud, respectively. Compl. ¶¶ 32–37. Count six also alleges conspiracy to commit wire fraud, bank fraud, and other claims addressed in later counts. Compl. ¶¶ 47–49. But plaintiff does not cite any federal law under which relief can be granted. *Trinh v. Trinh*, No. 19-2336, 2022 WL 327011, at *1 (3d Cir. Feb. 3, 2022) (noting that the plaintiff "did not refer to any federal law in her complaint and [that] her vague assertions concerning 'fraudulent acts' regarding a property dispute are insufficient to invoke federal jurisdiction"). Even reading the Complaint liberally, the Complaint appears to refer to the criminal statutes under18 U.S.C. § 1343 for wire fraud and 18 U.S.C. § 1344 and

bank fraud. But "[o]rdinarilly, federal criminal statutes do not provide individuals with a private right of action in a civil case." *Buchanan v. Ingram Content Group*, 2020 WL 5957618, at *2 (D.N.J. Oct. 6, 2020); *see Kaul v. Christie*, 372 F. Supp. 3d 206, 236 (D.N.J. 2019) (noting that the federal mail, wire, and honest services fraud statutes do not provide express or implied private rights of action). For these reasons, plaintiff has failed to allege claims authorized under federal law for counts one and two.

9. Count eleven alleges that defendants infringed upon plaintiff's "federal and constitutional rights pursuant to the Declaration of Independence and the United States Constitution." Compl. ¶¶67. Federal courts do not have "jurisdiction over claims allegedly arising under the Declaration of Independence." *Bowler v. Welsh*, 719 F. Supp. 25, 26 (D. Me. 1989). Plaintiff also fails to state which provisions of the Constitution defendants allegedly violated or how such constitutional provisions apply to defendants. Even reading the Complaint liberally, plaintiff's general references to his "rights to life, liberty, … [and] property" do not establish that that the prohibitions in the Constitution apply to non-governmental defendants. *See Biener v. Calio*, 361 F.3d 206, 216 (3d Cir. 2004) (noting that "[g]enerally, the Fourteenth Amendment protects individuals only against government action, unless the state has delegated authority to a private party"). For these reasons, plaintiff has failed to allege claims authorized under federal law for count eleven.

10. Counts three, four, five, seven, eight, nine, and ten, as well as count six as it pertains to these counts, are all state law claims, over which I decline to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3). "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025) (noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). Beyond discretion, a court "*must* decline" exercise of supplemental jurisdiction in cases in which all original jurisdiction claims have been dismissed "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *McCarthy v. Equinox Holdings, Inc.*, 2015 WL 540218, at *4 (D.N.J. Feb. 9, 2015). None of these considerations warrant exercising jurisdiction over the remaining claims.

Accordingly,

**IT IS** on this **16th** day of **NOVEMBER 2026** **ORDERED** that:

1. The Application (ECF No. 1–1) is **GRANTED.**

2. The Complaint (ECF No. 1) is **DISMISSED for lack of subject matter jurisdiction**. Plaintiff may reinstate the claims in the appropriate state court within 30 days of entry of this order unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

3. The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE